UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENNZOIL-QUAKER STATE COMPANY,

                        Plaintiff,

v.

PLEASANT RIDGE 10 MINUTE OIL
CHANGE, L.L.C., et al.,

                        Defendants,
_____/

CASE NO. 2:09-CV-13646
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL J. KOMIVES

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S OCTOBER 22, 2010 MOTION FOR AN ORDER HOLDING DEFENDANTS IN CONTEMPT OF COURT (Doc. Ent. 21)

**I.    RECOMMENDATION:** The Court should grant plaintiff's October 22, 2010 motion for an order holding defendants in contempt of court (Doc. Ent. 21) if defendants do not comply with the relief sought in Paragraphs (ii) and (iv) (Doc. Ent. 21 at 2) within ten (10) days of the date of the Court's order.

**II.    REPORT:**

**A.    Background**

Plaintiff Pennzoil-Quaker State Company filed this lawsuit on September 15, 2009 against defendants Pleasant Ridge 10 Minute Oil Change, L.L.C.; John Louis Wisz; SSS Oil Change, Inc.; A& A Real Estate LLC; and Ali Mackie. Doc. Ent. 1 ¶¶ 4-9. The causes of action include (I) federal trademark counterfeiting; (II) federal trademark infringement; (III) federal unfair competition and false designation of origin; (IV) federal trademark dilution; (V) federal false advertising; (VI) violation of the Michigan Consumer Protection Act; (VII) Michigan

common law unfair competition and passing off; (VIII) unjust enrichment; (IX) injuries, damages, defendants' profits; irreparable harm; and (X) civil conspiracy.  Doc. Ent. 1 ¶¶ 43-69.

On October 6, 2009, plaintiff filed an amended complaint but named only SSS, A&A Real Estate and Mackie as defendants.  Doc. Ent. 6 ¶¶ 4-7.  On December 16, 2009, the three defendants filed an answer to the first amended complaint.  Doc. Ent. 8.

On May 14, 2010, Judge Tarnow entered a permanent injunction and final judgment.  Doc. Ent. 10.  Judge Tarnow entered a consent judgment on June 21, 2010.  Doc. Ent. 11.

**B.    Pending Motions**

**1.**    On July 16, 2010, defendants filed a motion to set aside the consent judgment.  Doc. Ent. 12.  Attached to this motion are a June 10, 2010 letter from plaintiff's counsel to defense counsel (Doc. Ent. 12-1), a June 7, 2010 lube center agreement and individual personal guaranty (Doc. Ent. 12-2), and an April/May 2010 settlement agreement (Doc. Ent. 12-3).

On August 2, 2010, plaintiff filed a response.  Doc. Ent. 13.  Attached to the response are the April/May 2010 settlement agreement (Doc. Ent. 13-2); the May 14, 2010 permanent injunction and final judgment (Doc. Ent. 13-3); the June 21, 2010 consent judgment (Doc. Ent. 13-4); a May 25, 2010 letter from defense counsel to plaintiff's counsel (Doc. Ent. 13-5); the July 30, 2010 declaration of Keith Rowley (Doc. Ent. 13-6); a June 2, 2010 letter from PQS's counsel to defense counsel (Doc. Ent. 13-7); a June 10, 2010 letter from PQS's counsel to defense counsel (Doc. Ent. 13-8); Ford Motor Company v. Mustangs Unlimited, Inc., 487 F.3d 465 (2007) (Doc. Ent. 13-9); and a July 7, 2010 letter from PQS's counsel to defense counsel (Doc. Ent. 13-10).

**2.**     On October 22, 2010, plaintiff filed a motion for an order holding defendants in contempt of court. Doc. Ent. 21. In the motion, plaintiff argues that (a) defendants are in contempt of court, and (b) PQS "is entitled to its costs and fees incurred in bringing this motion." Doc. Ent. 21 at 8-13.[1]

On October 27, 2010, Judge Tarnow referred this motion to me for hearing and determination. Doc. Ent. 22.[2]

**C.     Analysis**

**1.**     To date, defendants have not filed a response to plaintiff's October 22, 2010 motion (Doc. Ent. 21). E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."), E.D. Mich. LR 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."), E.D. Mich. LR 7.1(e)(2)(B) ("A response to a nondispositive motion must be filed within 14 days after service of the motion."). Therefore, the motion is unopposed.

---

[1] Attached to this motion are the April/May 2010 settlement agreement (Doc. Ent. 21-2); the May 14, 2010 permanent injunction and final judgment (Doc. Ent. 21-3); the June 21, 2010 consent judgment (Doc. Ent. 21-4); the July 30, 2010 declaration of Keith Rowley (Doc. Ent. 21-5); a June 2, 2010 letter from PQS's counsel to defense counsel (Doc. Ent. 21-6); a June 10, 2010 letter from PQS's counsel to defense counsel (Doc. Ent. 21-7); a July 7, 2010 letter from PQS's counsel to defense counsel (Doc. Ent. 21-8); and the October 2010 declaration of Tania Murphy with photographs (Doc. Ent. 21-9).

[2] My conclusions come in the form of a report and recommendation, as a U.S. Magistrate Judge does not have contempt power. "The prevailing view is that a magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). *See also Bingman v. Ward*, 100 F.3d 653, 657 (9th Cir. 1996) ("when we upheld the power of a magistrate judge to impose discovery sanctions, we also opined that § 636(e), 'which governs the jurisdiction and powers of magistrates, requires a magistrate to refer contempt charges to a district court judge.'") (quoting *Grimes v. City & County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991)).

**2.**     Specifically, "Plaintiff Pennzoil-Quaker State Company ("PQS") moves the Court for a finding that Defendants are in contempt of Court by failing to comply with this Court's Permanent Injunction." Doc. Ent. 21 at 2.  PQS specifically requests "the issuance of an order requiring that Defendants, their agents, employees, and all persons in active concert or participation with them:

(i)  fully comply with the terms of the Permanent and Final Injunction agreed to by the parties and entered by this Court;
(ii) deliver to PQS any and all signage, invoices, window stickers, business cards and other advertising or promotional materials in the possession of Defendants or under their control bearing any of the PQS Marks and permanently remove or totally obliterate all of the PQS Trade Dress from the Subject Location, as those terms are defined in and as required by the Permanent and Final Injunction;
(iii) pay a monetary sum to PQS in an amount to be determined by the Court representing PQS's costs and fees incurred in bringing this Motion; and
(iv) file with the Court, and serve on PQS within ten (10) days of entry of such order, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the Order.

Doc. Ent. 21 at 2.

If defendants do not comply with the relief sought in Paragraphs (ii) and (iv) (Doc. Ent. 21 at 2) within ten (10) days of the date of the Court's order, then the Court should find the defendants in contempt of Court and award the relief sought by Paragraph (iii).

### III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but

4

fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives_____<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: November 24, 2010

I certify that a copy of the foregoing document was served on counsel of record via electronic and/or U.S. Mail on November 24, 2010.

s/D. Opalewski for Eddrey Butts<br>
Relief Case Manager