UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENNZOIL-QUAKER STATE COMPANY,

    Plaintiff,

v.

SSS OIL CHANGE, INC., ET AL.,

    Defendants.
_____/

Case No. 09-13646

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

UNITED STATES MAGISTRATE JUDGE
PAUL J. KOMIVES

**ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE CONSENT JUDGMENT [12], OVERRULING DEFENDANT'S OBJECTIONS [24], AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23] REGARDING PLAINTIFF'S MOTION FOR AN ORDER HOLDING DEFENDANTS IN CONTEMPT OF COURT [21]**

Now before the Court are Defendants' Motion to Set Aside Consent Judgment [12] and Defendants' Objections [24] to the Magistrate Judge's Report and Recommendation [23] regarding Plaintiff's Motion for an Order Holding Defendants in Contempt of Court.

**I. ANALYSIS**

    **A. Defendants' Motion to Set Aside Consent Judgment**

The parties have briefed the issues raised in the motion. Pursuant to Local Rule 7.1(f)(2), the Court will decide the motion without oral argument.

Defendants' motion is DENIED. As part of the settlement all counsel signed (included as Exhibit 1 to Plaintiff's Response to Defendants' Motion to Set Aside Consent Judgment), Defendants agreed to pay $10,000 to Plaintiff in four monthly payments of $2,500, with payments to be made on or by April 15, May 15, June 15, and July 15, 2010. If a scheduled payment was not

1

made, the full settlement amount became due and payable within two business days. *See* Plaintiff's Response, Exhibit 1. Also, "In the event a scheduled payment... is not timely made or any defendant breaches the Agreements, Defendants agree to be bound by all of the terms of the Consent Judgment..." *Id.*

Defendants failed to make a timely payment by May 15, 2010. Accordingly, they breached the agreement and the Consent Judgment was properly entered. Moreover, as part of the settlement that Defendants voluntarily entered into, Defendants "agree[d] to never challenge or attack, in any way, the terms of this Agreement or the Consent Judgment if entered in any subsequent proceeding involving one or any combination of the Defendants and/or another entity or facility owned or controlled by one or any of the Defendants.

Defendants have not cited any law which would support the setting aside of the Consent Judgment.

Accordingly, as Defendants have offered no basis for setting aside the Consent Judgment, the motion is **DENIED.**

**B. Defendants' Objections to Magistrate Judge's Report and Recommendation**

Defendants' Objections lack merit. After Plaintiff filed its contempt motion, Defendants failed to respond. Defendants' Objections do not address the arguments Plaintiffs raise in the contempt motion. Defendants fail to demonstrate why they should not be held in contempt and why the Court should not enter an order that Defendants "deliver to PQS any and all signage, invoices, window stickers, business cards and other advertising or promotional materials in the possession of Defendants or under their control bearing any of the PQS Marks and permanently remove or totally obliterate all of the PQS Trade Dress from the Subject Location, as those terms are defined in and

as required by the Permanent and Final Injunction" and "file with the Court, and serve on PQS within ten (10) days of entry of such order, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the Order." *See* Plaintiff's Motion at 1.

Accordingly, the Objections are **OVERRULED**.

## II. CONCLUSION

The Court has reviewed the record in this case, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside Consent Judgment [12] is **DENIED.**

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge [23] regarding Plaintiff's Motion for an Order Holding Defendants in Contempt is **ADOPTED** and is entered as the findings and conclusions of the Court. Defendants' Objections [24] are **OVERRULED.**

As specified in the Report and Recommendation, **IT IS FURTHER ORDERED** that Defendants are to deliver to PQS any and all signage, invoices, window stickers, business cards and other advertising or promotional materials in the possession of Defendants or under their control bearing any of the PQS Marks and permanently remove or totally obliterate all of the PQS Trade Dress from the Subject Location, as those terms are defined in and as required by the Permanent and Final Injunction and to file with the Court, and serve on PQS within ten (10) days of entry of this order, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the Order.

A hearing is set on Plaintiff's Motion for an Order Holding Defendants in Contempt of Court

[21] for **January 18, 2011 at 3:00 p.m.** Defendants are ordered to appear and show cause as to why they should not be held in contempt. If Defendants fail to do what has been ordered above, then the Court will make a finding of contempt and award Plaintiff a monetary sum (in an amount to be determined) representing Plaintiff's costs and fees incurred in bringing the contempt motion.

    **SO ORDERED.**

                        S/ARTHUR J. TARNOW
                        Arthur J. Tarnow
                        Senior United States District Judge

Dated: January 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 7, 2011, by electronic and/or ordinary mail.

                        S/LISA M. WARE
                        Case Manager